**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

In re: Trigee Foundation, Inc.


NANCY DURANT,
            Appellant,

        v.

JEFFREY M. SHERMAN
LERCH, EARLY & BREWER, CHTD,

           Appellees.

</td><td>

Case No. 17-cv-439 (CRC)

</td></tr>
</table>

## MEMORANDUM OPINION

Dr. Nancy Durant is a creditor of Trigee Foundation, Inc., the debtor in possession in a closed Chapter 11 reorganization proceeding before the United States Bankruptcy Court in this district. Dr. Durant appeals three orders by the bankruptcy court in that proceeding. All three stem from the court's decision not to monetarily penalize Trigee's attorney for failing to disclose a conflict of interest. For the reasons that follow, the Court will affirm all three orders.

### I.  Background

In September 2012, Trigee Foundation, Inc., which operates an apartment building in Washington, D.C., filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. App. 263. A few days later, Trigee petitioned the bankruptcy court to approve the retention of Jeffrey Sherman, an attorney with Lerch, Early & Brewer ("LEB"), to represent it during the proceedings. The bankruptcy court approved the petition on October 2, 2012, and Sherman represented Trigee (first as an attorney with LEB and later as a solo practitioner) until the bankruptcy court dismissed the case. App. 121. In January 2014, LEB filed a final compensation application seeking fees for previously billed time. App.

253. Trigee did not object to the final application, and on February 4, 2014, the bankruptcy court

issued an order directing Trigee to pay LEB the approved fees.[1]  App. 361.

About two years later, in March 2016, Trigee filed a malpractice claim in D.C. Superior

Court against LEB and Sherman, which the defendants removed to the bankruptcy court.  App.

742.  One of the malpractice allegations was that Sherman had failed to disclose to Trigee that

prior to joining LEB, he and another LEB attorney had represented a creditor against Trigee.

App. 353–94.  Specifically, Sherman failed to disclose the conflict in a Rule 2014(a) affidavit,

which requires attorneys seeking employment from a bankruptcy estate to submit a verified

statement setting forth the attorney's connections with the debtor, the creditors, and any other

party in interest.  See Fed. R. Bankr. P. 2014(a).  The bankruptcy court ultimately ruled that

Trigee's malpractice action was barred by the res judicata or collateral estoppel effect of the fee

order.  App. 353.  See Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d

485 490–92 (D.C. Cir. 2009) (holding that a bankruptcy court's approval of a fee application

operates as a res judicata bar to subsequent malpractice claims as long as the debtor was on

notice of the alleged malpractice at the time the final fee application was filed).  Trigee thus

moved to vacate the fee order pursuant to Federal Rule of Civil Procedure 60(b).  The

bankruptcy court denied the motion as untimely in October 2016.  App. 75.

Meanwhile, the bankruptcy court issued an order to show cause why it should not impose

sanctions against Sherman for failing to disclose that he and another LEB attorney had

previously represented one of Trigee's creditors.  App. 398–99.  The bankruptcy court held a

hearing on the show cause order in December 2016 and, after receiving testimony from Mr.

---

[1] According to the Appellees, Trigee has not paid LEB or Sherman any fees or expenses
other than an initial retainer.  Appellee Br. at 6.

Sherman, concluded that "the evidence does not show an intentional, as opposed to a negligent, failure" to disclose the conflict and that "vacating the final fee award would be an inappropriate sanction." App. 629. The court instead admonished Sherman to disclose future conflicts and to include a list of clients he represented at LEB in his conflict-check software. App. 632.

In early December 2016, Dr. Nancy Durant, a creditor in the Trigee bankruptcy proceeding and relative of Trigee's principals, filed her own motion to vacate the fee order on the same grounds—that Sherman failed to disclose his conflict. App. 400. The bankruptcy court scheduled a hearing to consider the motion for January 26, 2017. It noted, however, that Dr. Durant faced an "uphill battle" because the court had already found that the issue was time barred in a previous order and had held a sanctions hearing in which it found that Sherman had not acted intentionally in failing to disclose his prior representation. App. 447–48. Dr. Durant moved to reschedule the hearing to May so that she could travel to Washington, D.C. and appear in person. App. 642. Dr. Durant was 88 years old at that time and indicated that she had difficulty traveling by herself in the winter. Id. She also was not represented by counsel. Id. The bankruptcy court denied the motion, App. 656, and held the hearing as scheduled on January 26 with Dr. Durant appearing by phone. App. 1271–1389. An attorney for Trigee and one of its principals attended in person. Id. The bankruptcy court ultimately denied Dr. Durant's motion to vacate the fee order the following month. App. 741. Dr. Durant filed her notice of appeal on February 9, 2017.

II.    **Legal Standards**

This Court has jurisdiction over appeals of final orders issued by the Bankruptcy Court. See 28 U.S.C. § 158(a) (conferring on U.S. district courts jurisdiction over "appeals . . . from final judgments, orders, and decrees"). Findings of fact are reviewed for clear error; questions of

law are considered *de novo*.  See Foskey v. Plus Properties, LLC, 437 B.R. 1, 8 (D.D.C. 2010).

In other words, the appellant "must show that the [bankruptcy] court's holding was clearly

erroneous as to the assessment of the facts or erroneous in its interpretation of the law and not

simply that another conclusion could have been reached."  In re WPG, Inc., 282 B.R. 66, 68

(D.D.C. 2002).

## III.  Analysis

Dr. Durant has appealed three bankruptcy court orders: (a) the February 1, 2017 order

denying her motion to vacate the fee order; (b) the January 27, 2017 order denying her motion to

continue the hearing on the motion to vacate the fee order; and (c) the December 22, 2016

disposal of the order to show cause why Mr. Sherman should not be sanctioned.  The Court will

affirm all three rulings.

### A.  Order Denying Motion to Vacate the Fee Order

Dr. Durant sought to have the fee order vacated on the ground that Mr. Sherman failed to

disclose in his Rule 2014(a) statement that he had previously represented a secured creditor

whose interests were adverse to his client's in the case.  Appellant's Br. at 7.  Despite having

reservations about whether Dr. Durant was the real party in interest (as opposed to Trigee), the

bankruptcy court proceeded to the merits of the motion.

Durant originally filed the motion under Federal Rule of Civil Procedure 59, which

permits motions "to alter or amend judgements."  Fed. R. Civ. P. 59(e).  In bankruptcy actions,

such motions must be filed with 14 days after entry of judgment.  Fed. R. Bank. P. 9023.  As the

bankruptcy court explained, Dr. Durant could not obtain relief under Rule 59 because she filed

her motion to vacate the fee order more than two years after the order was issued.  App. 749–50.

An alternative avenue for relief was Federal Rule of Civil Procedure 60, which allows litigants to obtain relief from a judgment or order after it is issued, and subsection b of the rule provides six discrete grounds for relief. Fed. R. Civ. P. 60(b). One of these grounds—"fraud . . . misrepresentation, or misconduct by an opposing party"—appears to apply to Sherman's failure to disclose his conflict. See, e.g. Ceats, Inc. v. Cont'l Airlines, Inc., No. 6:10-CV-120, 2013 WL 12131714, at *3 (E.D. Tex. June 28, 2013) (challenging judgment under Rule 60(b)(3) for failure to disclose attorney conflicts); Hoffenberg v. United States, No. 00 CIV. 1686, 2010 WL 1685558, at *5 (S.D.N.Y. Apr. 26, 2010) (same). However, any motion based on Rule 60(b)(3) must be made no more than a year after the entry of judgment. See Fed. R. Civ. P. 60(c)(1). Because Dr. Durant challenged the fee order over two years after it was issued, see App. 361 (issuing fee order in February 2014), App. 400 (Durant's challenge to the fee order in December 2016), the bankruptcy correct correctly concluded that any motion under Rule 60(b)(3) was time barred.[2]

Rule 60(b)(6), on the other hand, imposes no such time limits. That rule allows litigants to challenge final judgments for "any other reason that justifies relief." But courts have interpreted "any other reason" to mean any reason *not* specified in subsections (b)(1) through (b)(3). See Baltia Air Lines, Inc. v. Transaction Management, Inc., 98 F.3d 640, 642 (D.C. Cir. 1996). In other words, Rule 60(b)(6) cannot be used to circumvent the one-year limitation in subsections (b)(1) through (b)(3). More v. Lew, 34 F. Supp. 3d 23, 29 (D.D.C. 2014). So

---

[2] Dr. Durant also suggests that her motion was proper under Rule 60(b)(2), which provides relief from judgment in the event of newly discovered evidence. Appellant Br. at 32. But any motion under that rule was also time barred. See Fed. R. Civ. P. 60(c)(1) (noting one-year time limit for section (b)(1) through (b)(3).

because Dr. Durant sought relief for reasons covered by subsection (b)(3), she was not able to rely on subsection (b)(6), as the bankruptcy court correctly found. See App. 751.

That leaves Rule 60(d)(3), which allows a court to set aside a judgment for fraud on the court without any time limit. Fraud on the court is fraud "which is directed to the judicial machinery itself and is not fraud between the parties or . . . false statements, or perjury." Baltia Air Lines, 98 F.3d at 642. Relief based on fraud on the court is "very rarely warranted," More, 34 F. Supp. 3d at 28, and must involve "far more than an injury to a single litigant," Baltia Air Lines, 98 F.3d at 643. The bankruptcy court found that Sherman's failure to disclose his conflict did not rise to this level. After holding an evidentiary hearing, the court concluded that Sherman did not deliberately attempt to mislead the court, and that his failure to disclose his conflict was "at most negligence." App. 754. It also found that Sherman's prior representation of a Trigee creditor did not establish an actual conflict of interest as to Trigee or the estate because the prior representation was limited to sending dunning letters. App. 755. In other words, Sherman did not "deceive" the bankruptcy court because it would have approved Trigee's representation of LEB and Sherman even if it had known about the conflict. App. 756–59. These factual findings about Sherman's conflict are not clearly erroneous. And in light of those findings, the Court affirms the bankruptcy court's legal conclusion that Dr. Durant's motion did not meet the requirements of Rule 60(d)(3).

In the end, Dr. Durant's motion to vacate the fee order was too little too late. Over two and a half years after the entry of judgment, she had only limited procedural tools to challenge the order. And the bankruptcy court did not err in finding that the crux of her challenge—Sherman's failure to disclose his conflict—simply did not rise to the level of fraud on the court.

B. <u>Order Denying Motion to Continue the Hearing</u>

Dr. Durant next challenges the bankruptcy court's denial of her motion to continue the hearing on her motion to vacate the fee award for 90 to 120 days. After she filed the motion, the bankruptcy court scheduled a hearing for January 26—about seven weeks after the filing. App. 447–48. Dr. Durant asked to reschedule the hearing until May so that she could travel to Washington, D.C. and find an attorney. App. 642. The bankruptcy court denied the motion, finding that it would unduly delay the Court's resolution of the issue in a long-closed bankruptcy case. The Court proceeded with the hearing and Dr. Durant appeared by telephone on January 26, 2017.

Denying Dr. Durant's motion to delay the hearing for several months was squarely within the bankruptcy court's discretion to manage its case load and expeditiously resolve issues before it. <u>See</u> 11 U.S.C.A. § 105 (codifying inherent power of bankruptcy courts to manage the cases on their docket). And in this particular case, the court had twice previously considered the same issue about Sherman's purported conflict: in Trigee's previous motion to vacate the fee order (which Durant's motion largely parroted) and in its order to show cause why Sherman shouldn't be sanctioned. Having already considered the issue twice, the bankruptcy court did not abuse its discretion in refusing to substantially delay the hearing.

Nor were Dr. Durant's due process rights violated. <u>See</u> Appellant's Br. at 34. Litigants are not automatically entitled to a hearing, let alone the right to appear in person for a hearing. <u>See</u> Fed. R. Civ. P. 78(b) ("[T]he court may provide for submitting and determining motions on briefs, without oral hearings."). In any case, Dr. Durant was able to participate in the hearing telephonically and fully brief her motion. That satisfies due process.

C.  Order Dissolving Show Cause Order

Finally, Dr. Durant challenges the bankruptcy court's decision to dissolve the show cause

order and sanction Sherman with an admonition rather than a monetary penalty.  Appeals of

bankruptcy court orders must be noticed within 14 days.  See Fed. R. Bank. P. 8002(a).  The

bankruptcy court discharged the show cause order on December 22, 2016.  App. 442–43.  Dr.

Durant filed her appeal 49 days later, on February 9, 2017.  She thus failed to timely notice her

appeal.  In any case, the bankruptcy court did not abuse its discretion in issuing limited sanctions

after holding a hearing and concluding that Sherman's failure to disclose his conflict was

unintentional.

**IV.  Conclusion**

For the foregoing reasons, the Court will affirm the bankruptcy court and deny Dr.

Durant's appeal.  A separate order will accompany this memorandum opinion.


_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  August 3, 2018